UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HYPERION VOF, a Belgian corporation,

           Plaintiff,

    v.

AMINO DEVELOPMENT CORPORATION, a Washington Corporation, previously known as Amiga, Inc., a Washington Corporation,

           Defendant.

CASE NO. C07-1761RSM

ORDER ON PENDING MOTIONS

      This matter was transferred to the undersigned district judge on January 8, 2008. It is now before the Court for consideration of two motions: defendant's motion to dismiss or stay this action (Dkt. # 7), and defendant's motion to consolidate (Dkt. # 10). Having considered the motions and all responses, the Court now finds and rules as follows:

      I.  <u>Motion to Dismiss or Stay</u> (Dkt. # 7).

      Both the Court and the parties are familiar with the background of this matter, and the facts need only be briefly set forth here. Plaintiff is currently involved in litigation in this Court arising from a November 3, 2001 agreement between plaintiff and Amiga, Inc., a Washington corporation. *Amiga, Inc., v. Hyperion VOF*, C07-631RSM. According to plaintiff, sometime in or around August, 2007, Amiga, Inc., previously a defunct corporation, resurrected its corporate status as Amino Development Corporation ("Amino"). Complaint, ¶¶ 4, 5, 6. Plaintiff filed this action seeking a declaratory judgment

ORDER ON PENDING MOTIONS - 1

regarding the parties' respective rights under the agreement.

Defendant has moved to dismiss this action, or in the alternative, to stay the matter pending mediation. Defendant's motion is based upon a provision in ¶ 7.07 of the November 3, 2001 agreement, which requires that "[b]efore filing any suit . . . both parties shall submit to mediation to be completed within 30 days after written notice." Dkt. # 1, Exhibit D. Defendant contends that plaintiff made no attempt to mediate before filing this suit, and plaintiff has not denied that contention. Instead, plaintiff asserts that mediation would be futile, as all necessary parties—meaning the parties opposed to Hyperion in the companion lawsuit---would not be present. In response to that argument, defendant asserts that the "necessary party" requirement of F.R.Civ.Proc. 19 does not apply to mediation, and further that there is no conflict among Amino and the other parties, Amiga Inc., and Itec, Inc.[1] The Court notes that the same attorneys, Lawrence Cock and Lance Gotthoffer, are involved in representing the opposing parties, Mr. Cock as counsel for Amino and for Amiga, Inc., and Mr. Gotthoffer as counsel for Amigo, Inc., and Itec, Inc. *See,* C07-631RSM.

The Court thus finds that mediation would not be futile. Indeed, all parties stand to benefit, should plaintiff agree to the participation of Amiga, Inc., and Itec, Inc., as invited by defendant. *See,* Defendant's Reply, Dtk. # 17. The parties at this point have had the benefit of the Court's rulings on a motion for a preliminary injunction and a motion to dismiss counterclaim defendant Itec, Inc., in C07-631RSM, and may be able to narrow or resolve their issues before proceeding further with this costly litigation.

Accordingly, defendant's motion to dismiss or stay is DENIED as to dismissal but GRANTED as to a stay. This matter is STAYED until further Order of the Court, pending completion of mediation as required under ¶ 7.07 of the November 3, 2001 agreement.

In the event all parties elect to participate, they may apply to the Court for appointment of a settlement judge to conduct a judicial settlement conference in lieu of mediation, pursuant to Local Rule CR 39.1(e).

---

[1] Itec, Inc. has, since the filing of this motion, been dismissed as a party to the companion action for lack of personal jurisdiction.

ORDER ON PENDING MOTIONS - 2

1     II.  Motion to Consolidate (Dkt. # 10).

2     In light of the above ruling, defendant's motion to consolidate this case with C07-631RSM is

3  DENIED.

4     Dated this 17th day of January, 2008.

                                                RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

ORDER ON PENDING MOTIONS - 3